(20 Misc. Rep. 677.)

## DIVVER v. HALL.

(City Court of New York, General Term. July 2, 1897.)

WEIGHT OF EVIDENCE.

    It is not error to charge "that the jury are not to be swayed by the number of witnesses, but by the quality of the testimony."

Appeal from trial term.

Action by Edward Divver against Benjamin J. Hall. From a judgment for plaintiff, and from an order denying motion for new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

Nadel, Smythe, Carrere & Trafford, for appellant.

T. A. Stoddard, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered on a verdict rendered by a jury, and from the order denying a motion for a new trial, made on the judge's minutes. The action is brought to recover damages for personal injuries caused by the falling of a skid, which plaintiff, who was working as a longshoreman for the defendant, a stevedore, claims was not made fast to the side of the vessel that he was assisting in loading, and which skid was not provided with lanyards. The defendant's liability under the law as master towards the plaintiff, his servant, arises from the fact that he is bound to provide proper and suitable tools and appliances. The evidence on behalf of the plaintiff, and particularly the testimony of plaintiff's witness Daniel Donovan, shows that there were no lanyards attached to that skid, and that the skid was not fastened to the rails of the vessel. The defendant's contention is that there were lanyards attached to the skid, and that there were ropes lying around the vessel which could have been used for lanyards in fastening the skid to the vessel; that he had a competent gangway man at the time at the work, whose duty and function it was to see to it that the skid was properly fastened, and that, if said gangway man did not perform his functions properly, the accident was caused and the injury to the plaintiff occasioned by the carelessness and negligence of a co-workman, for which the defendant, as master, is not liable. The plaintiff's and the defendant's contentions under such a state of evidence were fairly submitted to the jury, which found in plaintiff's favor, and we do not deem ourselves to be justified to disturb that verdict on the evidence. We do not think that that part of the judge's charge saying "that the jury are not to be swayed by the number of witnesses, but by the quality of the testimony," which the defendant took exception to, misled the jury, or influenced the jury in their verdict in any way, to the defendant's injury.

Judgment and order appealed from affirmed, with costs.

VAN WYCK, C. J., concurs.